No. 27,929.

THE STATE OF KANSAS, ex. rel. WILLIAM A. SMITH, Attorney-general, *Plaintiff,* v. ABE CLINE, DOUGLAS BAKER and J. W. FINLEY, as the Board of County Commissioners of the County of Montgomery, *Defendants.*

(264 Pac. 84.)

SYLLABUS BY THE COURT.

1. COUNTIES—*Redistricting Commissioner Districts—Disparity of Population.* In an action to compel a board of county commissioners to redistrict the county into three commissioner districts, as compact and equal in population as possible, it is held that under the governing facts in the record there is palpable disparity of population in the existing districts, and that under the requirements of the statute the county should be redistricted.

2. SAME—*Redistricting Commissioner Districts—Last Official Census as Basis.* So far as population is concerned such redistricting should be done on the basis of the last official census of the county, notwithstanding the claim of the commissioners that there are errors in that census.

3. SAME — *Redistricting Commissioner Districts — Placing Parts of City in Different Districts.* The fact that an apportionment of a county on the basis of population may not be practical without placing parts of a city in more than one district, will not prevent such a division if the boundary lines of the districts do not divide city wards nor interfere with voting precincts.

Original proceeding in mandamus. Opinion filed February 21, 1928. Writ allowed. Jurisdiction of the case reserved.

---

Counties, 15 C. J. p. 415 n. 27.

*William A. Smith,* attorney-general, *Paul A. Lamb,* of Caney, *Clement A. Reed* and *A. R. Lamb,* both of Coffeyville, for the plaintiff.

*T. E. Wagstaff, Jay W. Scovel,* both of Independence, and *Sullivan Lomax,* of Cherryvale, for defendants Baker and Finley; *Walter S. Keith, Harold McGugin* and *Charles D. Ise,* all of Coffeyville, for defendant Cline.

The opinion of the court was delivered by

JOHNSTON, C. J.:   This action was brought by the attorney-general in the name of the state to compel the board of county commissioners of Montgomery county to redistrict the county by dividing it into three commissioner districts as compact and equal in population as possible, in accordance with the requirements of the statute.   According to the official census of 1927, the population of the county was 57,438 persons; and prior to July 5, 1927, the population of the first district was 8,743, the second district, 18,756, and the third district, 29,939.   One of the commissioners, Abe Cline, is willing and has endeavored to effect such a division, but two of the commissioners, Douglas Baker and J. W. Finley, have resisted and are still refusing to join Cline in making a proper statutory apportionment of the county.   At the organization of the county in 1869 the county was divided into three commissioner districts fairly equal in area and substantially equal in population.   Since that time oil and gas have been discovered and produced in large quantities in the southern part of the county, which has resulted in a large increase in the population of that section, but notwithstanding that increase in population, no substantial change has been made in the territory of the respective districts.   There has been agitation and demand for a redistricting of the county, and on June 27, 1927, Cline introduced a resolution to redistrict the county so that each of the three districts would have approximately 19,146 people, being about one-third of the total population of 57,438, as shown by the official enumeration of 1927.   The other commissioners declined to second or support the resolution.   On July 5, 1927, commissioners Finley and Baker went through the form of redistricting the county with the result that district No. 1 had 9,487 persons, district No. 2, 19,118, and district No. 3, 28,825.

In its petition the plaintiff alleged the disparity in the population of the districts, the failure and refusal of the board to make an apportionment as required by law, and asked that it be compelled

to redistrict the county, making the districts fairly compact and substantially equal in population. Cline filed a separate answer admitting the allegations of the petition and declaring a willingness to redistrict the county. Commissioners Baker and Finley filed an answer admitting the official enumeration made for the year 1927, but alleged that the population as certified by the county clerk to the state board of agriculture was erroneous and excessive. It is alleged that the correct population of the county is about 51,000, that there is an excess of population in the third district of about 5,000, and in the second district of about 2,000, and that by reason of the incorrectness of the census they cannot fairly and impartially redistrict the county.

There is no merit in the defenses alleged by the majority of commissioners. The challenge of the last official enumeration cannot be upheld. It was made in pursuance of the statute which provides that assessors shall enumerate the inhabitants, and make returns, verified by their affidavits, upon blanks furnished by the state board of agriculture, to the county clerk, who shall in turn certify the same to the state board of agriculture which is required to file, classify and publish the census returns and lay the same before the legislature at the next session thereof. (R. S. 11-101 to 11-113.) Among other things it is provided that the willful neglect or refusal to perform the duties as required by the act, shall be a misdemeanor, and upon conviction shall be punishable by a fine of not less than $20 nor more than $100. In making returns to the state board of agriculture, the county clerk is required to make proper footings of the verified census returns and to certify to the accuracy of his copy and footings. The verified and certified enumeration so made is official and is to be used in the application of the statutes requiring the redistricting of counties, the fixing of salaries of county officers and other provisions where the operation of a statute is governed by the population of counties or other municipalities. The official census of 1927 has not been set aside or modified by anyone authorized to challenge it. It has been made by officers acting under official oath and in pursuance of directions of the statute requiring verity and accuracy. Although there may be errors in the enumeration, it must be accepted as official and binding upon the commissioners. They cannot set up their own

opinion as to its accuracy and thus avoid the performance of a duty enjoined by law.   The statute provides that—

"The board of county commissioners shall, on the day of the organization of the board or as soon thereafter as may be possible, meet and divide the county into three commissioner districts as compact and equal in population as possible and number them respectively 1, 2 and 3, and subject to alteration at least once every three years," etc.   (R. S. 19-204.)

There has been a manifest disregard of this requirement, as it appears that one of the districts contains at least double the population of another and, as we have seen, the law requires that the districts shall be divided so as to be as nearly equal in population as possible.   Even if, as the defendants claim, the county did not contain more than 51,000 people, and the enumeration in two of the districts was excessive and erroneous to the extent claimed, there would be a gross inequality in the apportionment, and redistricting upon that basis would be required.   However, when it is redistricted, it is their duty to divide the territory on the basis of the last official enumeration.   It is not necessary to comment at length upon their duty under the statute quoted, as the action falls clearly within the case of *State, ex rel., v. Labette County,* 114 Kan. 726, 220, Pac. 275, where a similar controversy was adequately treated.

Something has been said in the answer that the action demanded would involve the placing of the inhabitants of a city in more than one district, but it has been held that—

"No reason appears why a city may not be divided so that one part lies in one district and another part in another district so long as the boundary lines of the district follow the boundaries of the city wards and do not interfere with voting precincts."   (*State, ex rel., v. Osage County,* 112 Kan. 256, syl. ¶ 5, 210 Pac. 619.)

The judgment of the court will be that the board of county commissioners shall within twenty days redistrict the county into three commissioner districts as compact and equal in population as possible, and make report of their action in that respect to this court.   Jurisdiction of the case is reserved to see that the judgment of the court is properly carried out.